NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| NEIL L. MOORE, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 05-cv-3525 (DMC) |
| CORRECTIONAL MEDICAL SERVICES, et al., | : |   |
| Defendants. | : |   |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Correctional Medical Services ("CMS") and John Godinsky, M.D. for summary judgment. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), no oral argument was heard. After carefully considering the papers, and based upon the following, it is the finding of this Court that Defendants' motion is **granted**.

I.  **BACKGROUND**

Plaintiff is an inmate at Mid-State Correctional Facility in Wrightstown, New Jersey. On July 13, 2005, he filed a federal civil rights Complaint pursuant to 42 U.S.C. § 1983 against the Department of Corrections, the State of New Jersey, Northern State Prison, Lydell Sherrer, Administrator of Northern State Prison, and Karen Willoughby, Director in the Division of Operation of the New Jersey Department of Corrections. He simultaneously filed an application to proceed *in forma pauperis*. Plaintiff alleged various violations of his Eighth and Fourteenth Amendment rights. On July 27, 2005, this Court screened the Complaint pursuant to 28 U.S.C. §

1915 and dismissed Plaintiff's claims against the Department of Corrections, the State of New Jersey and Northern State Prison, but permitted his claims to proceed as to Sherrer and Willoughby, and allowed Dr. John Godinsky to be added as a Defendant.  This Court also granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff's Complaint alleged that Defendants Sherrer and Willoughby violated his Eighth Amendment rights by denying him medical care and failing to provide the cleaning supplies he requested to clean his cell.  Plaintiff also alleged that the Sherrer and Willoughby violated his Eighth and Fourteenth Amendment rights by placing him in Protective Custody against his will.  Comp. pp. 7, 9.  Further, Plaintiff's Complaint alleges that he met with CMS physician, Dr. Godinsky, on October 25, 2004 due to a slip and fall accident, wherein Plaintiff twisted his right knee.  Comp. p. 12.  Plaintiff further alleges that Dr. Godinsky's treatment was inadequate and that Plaintiff was not x-rayed until several days later.  Id.

The following are the relevant and undisputed facts.  On December 20, 2004, Plaintiff fell down sixteen steel steps and was injured.  Id.  Plaintiff was examined on December 21, 2006 by Dr. Godinsky.  Id.  Plaintiff underwent x-rays on his head and back on February 3, 2005.  Id.  X-rays of Plaintiff's left shoulder and knees were taken in March 2005.  Id.  Plaintiff alleges that Dr. Godinsky and his "Medical nursing staff" gave him "unprofessional medical care," and as a result, he is "still living with the pain which C.M.S. has not been able to remedy or give any type of rehabilitation or aftercare for [his] injuries and pains."  Id.

On May 26, 2006, this Court granted Defendants Lydell Sherrer and Karen Willoughby's motions for summary judgment.  The Court found that dismissal was appropriate as to Sherrer and Willoughby due to Plaintiff's failure to exhaust administrative remedies and also due to Plaintiff's failure to state a claim for deprivation of liberty interests pursuant to the Eighth and Fourteenth

Amendments.

Thereafter, on June 30, 2006, Defendants filed the instant motion for summary judgment on various grounds, including Plaintiff's failure to file an affidavit of merit, that the undisputed facts show that Plaintiff's medical needs were met by Dr. Godinsky, and that the evidence does not support a claim for medical indifference which would constitute an actionable Eighth Amendment claim. Plaintiff has not responded to Defendants' motions for summary judgment.

**II.     DISCUSSION AND ANALYSIS**

    **A.     Standard of Review**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact and it must prevail as a matter of law, or that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts which support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines

v. Kerner, 404 U.S. 519 (1972). However, "while *pro se* complaints are entitled to liberal construction, the plaintiff must still set forth facts sufficient to survive summary judgment." Ezeiruaku v. U.S., No. Civ. A. 00-2225, 2000 WL 1751077, *3 (E.D.Pa. Nov. 29, 2000) (citing Shabazz v. Odum, 591 F. Supp. 1513 (M.D.Pa. 1984)).

### B. Medical Malpractice Claim

Taking the facts of Plaintiff's Complaint in the light most favorable to the Plaintiff, it is evident that Plaintiff claims injuries based on Defendants' alleged medical malpractice. However, Defendants correctly note that in order to assert a medical malpractice cause of action, Plaintiff must file an affidavit of merit, pursuant to N.J.S.A. § 2A:53A-27. Specifically, plaintiffs must file an affidavit of merit when "the underlying factual allegations of the claim require proof of a deviation from the professional standard of care for that specific profession." Horne v. U.S., No. 03-3333, 2006 WL 1843141, *3 (D.N.J. June 30, 2006) (citing Couri v. Gardner, 173 N.J. 328, 340 (2002)). "The failure to provide an affidavit where required is 'deemed a failure to state a cause of action.'" Horne, 2006 WL 1843141 at *3 (citing N.J.S.A. § 2A:53A-29). Here, Plaintiff is required to provide an affidavit of merit because he presumably alleges that Dr. Godinsky committed malpractice in administering medical care. However, Moore has not filed an affidavit of merit and the sixty days to file an affidavit of merit has passed. Accordingly, Plaintiff's medical malpractice claim must be dismissed.

### C. Eighth Amendment "Deliberate Indifference" Claim

Clear on the face of Plaintiff's complaint is his attempt to recover based on an alleged violation of his Eighth Amendment right to be free of cruel and unusual punishment. The Eighth

Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106. Defendants move for summary judgment on Plaintiff's Eighth Amendment claim, arguing that it must fail because (1) Plaintiff has not presented evidence of a serious medical problem; and (2) there was no "deliberate indifference."

Prison systems have a duty to provide prisoners with adequate medical care. See Estelle, 429 U.S. at 104. "[I]t is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations and internal quotations omitted). However, prison authorities are afforded considerable latitude in the diagnosis and treatment of prisoners. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d. Cir. 1979) (claim for deliberate indifference does not arise just because one doctor disagrees with the diagnosis of another). As such, for a prisoner to succeed in an action claiming inadequate medical treatment, a prisoner must show more than negligence; he must show "deliberate indifference" to a serious medical need. Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993) (quoting Estelle, 429 U.S. at 104-6). Specifically, Plaintiff must show that Defendants exhibited a "deliberate indifference to serious medical needs of prisoners" constituting the "unnecessary and wanton infliction of pain." Id. at 104 (citing Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

In support of his allegations, Plaintiff claims that Dr. Godinsky and his staff did not provide

5

adequate medical treatment (1) when Plaintiff fell, twisting his right knee in October 2004; or (2) when Plaintiff fell down sixteen steel steps in December 2004.  Compl. p.12.  Specifically, Plaintiff complains that there was a two to three month delay between the time he sustained injuries and the time he was x-rayed.

In this case, Plaintiff has merely alleged that he disagreed with Defendants' course of prescribed treatment and conduct and was dissatisfied with the delay in when his x-rays were taken. Not only does Plaintiff fail to allege any serious injuries, but he also does not allege any deliberate indifference on the part of the Defendants.  The two or three month delay between the time Plaintiff was injured and the time he received x-rays does not constitute deliberate indifference nor did Defendants' actions cause an "unnecessary and wanton infliction of pain" upon Plaintiff.  Id.  For these reasons, Plaintiff fails to state a claim for a violation of his Eighth Amendment rights and summary judgment is thereby granted on this claim.

### III.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted**.  An appropriate Order accompanies this Opinion.

 S/   Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: December  29 , 2006
Orig.: Clerk
cc: Counsel of Record
  The Honorable Mark Falk, U.S.M.J.
  File